United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIDOL MENDONES,<br>Plaintiff,<br>v.<br>GLEN OAKS LLC, et al.,<br>Defendants. | Case No. 26-cv-05049-JST<br><br>**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT AND DISMISSING COMPLAINT**<br><br>Re: ECF No. 12 |

Pro Se Plaintiff Maridol Mendones filed the complaint in this matter on May 28, 2026, naming as defendants her landlord, Glen Oaks LLC, and the former property manager and assistant property manager for Glen Oaks Apartment. ECF No. 1 at 3. She brings claims under the Fair Housing Act ("FHA") and several state laws, alleging that a neighbor named Douglas Richardson yells, bangs on the walls, walks, cooks in the kitchen, uses the faucet, and calls security guards late at night. *Id.* at 5. She alleges that she complained to Defendants, but they failed to take action against Richardson because he is white and she is Asian-American. *Id.* at 6.

On July 2, 2026, Magistrate Judge Sallie Kim issued a report and recommendation finding that the complaint should be dismissed under 28 U.S.C. § 1915(e) because it is barred by the doctrine of res judicata. ECF No. 7. Mendones and her husband had filed a prior state court action against similar defendants alleging similar claims, and that action was dismissed as a terminating sanction because Mendones fabricated evidence. *Id.*; *see Mendones v. Cushman and Wakefield, Inc.*, No. 23CV028772 (Cal. Super. Ct.). After the period for objections passed and none were filed, this Court adopted Judge Kim's report and recommendation in full. ECF No. 10.

Mendones subsequently filed a motion to alter or amend the judgment. ECF No. 12. A party may file a motion to alter or amend a judgment no later than 28 days after the entry of

judgment. Fed. R. Civ. P. 59(e). Moreover, a party may seek relief from a final judgment because of several enumerated reasons including "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence; fraud, misrepresentation, or misconduct by the opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Mendones argues that the judgment should be set aside because she never received notice of Judge Kim's report and recommendation. ECF No. 12 at 6. Had she done so, she would have filed objections. *Id.* Because lost mail may constitute excusable neglect, the Court sets aside the judgment. *See, e.g.*, *Unicolors, Inc. v. DD Digital Media, Inc.*, No. 2:21-CV-04716-RGK-E, 2022 WL 3137888, at *1 (C.D. Cal. Apr. 28, 2022) ("Late delivery of mail . . . could . . . be grounds to vacate an order due to a party's excusable neglect.").

Rather than consider Mendones's objections, however, the Court dismisses the complaint on an independent basis: Mendones has failed to state a federal claim. She raises a single federal claim under the Fair Housing Act, arguing that Defendants "fail[ed] to stop tenant-on-tenant violence or harassment" in violation of 42 U.S.C. § 3617. ECF No. 1 at 8, 12, 13. Section 3617 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of. . . any right granted or protected by" the FHA's anti-discrimination provisions. To this Court's knowledge, "[t]he Ninth Circuit has not yet explicitly outlined the scope of landlord liability under an FHA hostile living environment claim for failing to address tenant-on-tenant harassment." *Jay v. Grand Mgmt. Servs., Inc.*, 783 F. Supp. 3d 1257, 1272 (D. Or. 2025) (emphasis removed); *see also Scutt v. Dorris*, No. CV 20-00333 JMS-WRP, 2021 WL 206356, at *5 (D. Haw. Jan. 20, 2021) ("The Ninth Circuit has not addressed whether a claim for hostile housing environment against a landlord or property owner based on the discriminatory conduct of one tenant against another tenant is actionable under [Section] 3617."). Other courts, however, have recognized such a claim. *See id.* (collecting cases); *see, e.g.*, *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 861–62 (7th Cir. 2018); *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (en banc).

To state a hostile housing environment claim under the FHA, "Plaintiff must show that: '(1) she was subject to unwelcome harassment based on her [membership in a protected group];

(2) the harassment was sufficiently severe or pervasive to deprive her of her right to enjoy her home; and (3) the management company or condominium association knew or should have known of the harassment in question and failed to take prompt remedial action.'" *Scutt*, 2021 WL 206356, at *5 (citation omitted). Here, the complaint alleges no facts suggesting that Richardson's conduct was based on Plaintiff's membership in a protected group. *See* ECF No. 1 at 5–6. Rather, the general allegations of yelling, cooking, and using the plumbing appear to be unrelated to Mendones and likely to affect other tenants in the building equally. *Id*. at 5.[1] She alleges that she and her husband are "the only Asian occupants" of the four apartment units in her building and that "Defendants could not evict tenant-Richardson because they belong with the same race" (both are white). *Id*. at 6. But the racial identities of the various parties alone do not raise a plausible inference that Richardson's conduct constituted discriminatory harassment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to state a claim under the federal rules, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)); *Francis*, 992 F.3d at 73 (2d Cir. 2021) ("Although [Plaintiff] has claimed that he is a member of a protected class, his Complaint lacks even 'minimal support for the proposition' that the [Defendants] were motivated by discriminatory intent.").

The federal claim is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. In the absence of a federal claim, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Within 28 days

/ / /

/ / /

/ / /

/ / /

[1] Mendones also alleges that Richardson calls security guards with false noise complaints on nights that Mendones is not home, but it is unclear why Richardson called security guards, whether Richardson directed those security guards to Mendones's unit, and why he called them exclusively on nights that she was not home. ECF No. 1 at 5. At the level of plausibility, the Court also wonders why anyone would make a noise complaint about Mendones when she was not in her apartment, given that a security guard would immediately know the claim was false because an empty apartment doesn't make noise.

of this order, Mendones may file an amended complaint solely addressing the deficiencies identified in this order. Failure to do so will result in dismissal of the case with prejudice.

**IT IS SO ORDERED.**

Dated: September 3, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California